Case No. EDCV-17-228-MWF (SPx)     Date: May 3, 2017
Title:     Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE PLAINTIFFS' MOTION TO REMAND [11]

Before the Court is Plaintiffs' Motion to Remand, filed on March 6, 2017. ("the Motion," Docket No. 11). Defendant filed an Opposition to the Motion and Plaintiffs filed a Reply. (Docket Nos. 26–27).

The Court held a hearing on the Motion on **May 1, 2017**, and now **GRANTS** the motion. The Second Amended Complaint ("SAC") does not include more than 100 named plaintiffs, such that jurisdiction is unavailable under CAFA's "mass action" provision. (Docket No. 1-1).

## I. BACKGROUND

This case involves claims by Plaintiffs—insurance companies acting as subrogees of their insureds—against Defendant EZ-Flo International concerning defects in Defendant's water supply lines, which are used to transport water from a water supply pipe to a plumbing fixture. (SAC ¶ 1).

In the first action, two insurance companies filed suit on December 26, 2013, against Defendant. The two companies were acting as subrogees of one insured and sought only $412,000. (Declaration of Michael J. Hassen, ¶ 2 (Docket No. 26-1)). On August 13, 2015, the other insurance-company Plaintiffs filed their Complaint in a second action against Defendant, acting as subrogees of 111 homeowners for claims totaling $4,233,714.81. (*Id.*). The two cases were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-228-MWF (SPx)           Date:  May 3, 2017
Title:    Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

consolidated by the Superior Court on September 2, 2015, though the Superior Court did not clarify whether the consolidation was for pretrial purposes only.  (*Id.* ¶ 4).

Plaintiffs in the second action filed their First Amended Complaint on February 11, 2016, seeking monetary relief as subrogees for 112 homeowners for claims totaling $4,714,824.82.  (*Id.* ¶ 7). Defendant filed a demurrer, which was sustained only as to the claims of three homeowners.  (*Id.* ¶ 9).  Following this demurrer, the two suits sought a combined $4,987,351.62.  (*Id.* ¶ 11).

On January 20, 2017, Plaintiffs filed their Second Amended Complaint, seeking monetary relief as subrogees for 145 homeowners for claims totaling $6,588,979.71.  (*Id.* ¶ 14).  Defendant's Notice of Removal was then filed on February 7, 2017.  (Docket No. 1).

## II.  DISCUSSION

### A.  Class Action Fairness Act

Defendants' Notice of Removal asserts jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).  (Notice of Removal at 1). Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity.  28 U.S.C. § 1332(d)(2).

As relevant here, CAFA's "mass action" provision provides for federal jurisdiction in non-class action cases that involve "monetary relief claims of 100 or more persons" that are "proposed to be tried jointly . . . ."  28 U.S.C. § 1332(d)(11)(A), (B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-228-MWF (SPx)           Date:  May 3, 2017
Title:     Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding that a defendant's notice of removal under 28 U.S.C. § 1446(a) need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).

## B.     Remand Motion

Plaintiffs' Motion argues that this Court lacks jurisdiction because (1) the suit does not involve "100 or more persons" because there are only twenty-six named insurance-company Plaintiffs; and (2) Defendant's Notice of Removal was not timely.

### 1.  100 or more persons

As stated, a mass action removed pursuant to CAFA must involve the claims of "100 or more persons" who proposed to have their claims tried jointly in state court. The Supreme Court recently interpreted this language in *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014). The parties dispute the relevance of the *Mississippi* case to the Motion.

In *Mississippi*, the Court resolved a circuit split as to whether in suits brought by states, unnamed parties in interest should count toward the "100 persons" requirement in CAFA. *Id.* at 741. For example, in that case the State of Mississippi sued manufacturers of liquid crystal displays in Mississippi state court over alleged price fixing. Defendants removed the case to federal court, arguing that the real parties in interest were the citizens of Mississippi. The district court concluded that the case did qualify as a mass action, and the Fifth Circuit affirmed that part of the decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-228-MWF (SPx)          **Date:** May 3, 2017
**Title:**     Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

The Supreme Court unanimously reversed. It held that that the language "100 or more persons" does not refer to "100 or more named or unnamed real parties in interest," but rather to the actual *plaintiffs* in the suit. *Id.* at 742. The Court noted that elsewhere in CAFA Congress had specifically used the phrase "named or unnamed" to refer to a group of people:

> CAFA provides that in order for a class action to be removable, "the number of members of all proposed plaintiff classes" must be 100 or greater, § 1332(d)(5)(B), and it defines "class members" to mean "the persons (named or unnamed) who fall within the definition of the proposed or certified class," § 1332(d)(1)(D). Congress chose not to use the phrase "named or unnamed" in CAFA's mass action provision, a decision we understand to be intentional.

*Id.* Therefore, "the term 'persons' in § 1332(d)(11)(B)(i) refers to the individuals who are proposing to join as plaintiffs in a single action." *Id.* The Court specifically rejected the argument that "persons" should be construed to include "both named and unnamed real parties in interest," finding that it "stretched the meaning of 'plaintiff' beyond recognition." *Id.* at 743.

The Court cited approvingly two definitions of "plaintiff": a "party who brings a civil suit in a court of law," *Black's Law Dictionary* 1267 (9th ed. 2009), and "one who commences a personal action or lawsuit," or "the complaining party in any litigation," *Webster's Third New International Dictionary* 1729 (1961). And it rejected the definition of plaintiff as "anyone, named or unnamed, whom a suit may benefit." *Id.* The Court later reiterated that the word "plaintiffs" refers to "the actual named parties who bring an action." *Id.* at 744. The Court also specifically rejected the Fifth Circuit's application of the "background principle" of analyzing the unnamed "real parties in interest to a suit" in determining whether a federal court has diversity jurisdiction. *Id.* at 745.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-228-MWF (SPx)			Date:  May 3, 2017
Title:	Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

The parties dispute whether *Mississippi* mandates remand here.  Plaintiffs argue that there are less than 100 named Plaintiffs here because there are only twenty-six insurance companies on the face of the operative Second Amended Complaint.  Defendant argues that, unlike *Mississippi*, there are more than 100 *named* persons, the insureds, on whose behalf the claims have been filed by the insurance companies.  Thus, Defendant urges the Court to deny remand and conclude that the 145 homeowners present here satisfy the "100 or more persons" requirement in CAFA.  Neither party has pointed to a case post-*Mississippi* that addresses the decision's application to subrogees or insurance company plaintiffs.

This Court acknowledges that *Mississippi* did not address the precise issue here.  There, the defendants had argued that *unnamed* real parties in interest should be counted toward the 100-person requirement.  Here, Defendant argues that *named* real parties in interest should count.  The Second Amended Complaint includes an exhibit listing each of the insureds' names and which insurance company is suing on their behalf.

It is true that much of the *Mississippi* decision was devoted to the particular issues that district courts might face if unnamed parties were allowed to be included in the mass action definition.  For example, if "plaintiffs" referred to unnamed real parties in interest, the district court in *Mississippi* might have been required to "hold an evidentiary hearing to determine the identity of each of the hundreds of thousands of unnamed Mississippi citizens who purchased one of respondents' LCD products between 1996 and 2006."  *Id.* at 743.  The High Court referred to such possibilities as an "administrative nightmare."  *Id.*  This Court agrees with Defendant that these particular aspects of the *Mississippi* decision are inapposite here.

The bulk of the *Mississippi* decision, however, applies to this case.  The Court clearly held that the phrase "100 or more persons" refers to actual plaintiffs in a case.  And "plaintiffs" refers to those who bring a civil suit or commence an action.  In this case the only "plaintiffs" are the twenty-six insurance companies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-228-MWF (SPx)                Date:  May 3, 2017
Title:     Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

whose names appear on the face of the Second Amended Complaint above the word "Plaintiffs." To conclude otherwise would flout the Supreme Court's holding and all but ignore its thorough textual analysis. While the insureds here are named, that does not make them named *plaintiffs* that should be included in the CAFA calculus. The Fifth Circuit's real-party-in-interest analysis was specifically rejected in favor of the "straightforward, easy to administer rule" that only the "actual named parties who bring an action" count toward the 100 person requirement. *Mississippi*, 134 S. Ct. at 744.

Defendant devotes much of its Opposition to subrogation law. The Court does not find these arguments persuasive. Nothing in the Opposition alters the Court's legal conclusion that the insureds here are not plaintiffs, in the traditional sense, in this action. Even if the Court were to consider the arguments concerning subrogation law generally, other courts have held that "if a subrogee has paid an entire loss suffered by an insured, it is the only real party in interest and the only party that may sue in its own name." *Nat'l Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp.*, 2006 WL 892291, at *2 (D.N.J. Apr. 6, 2006) (citing *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380 (1949)). In addition, although in the case of partial subrogation both the subrogor and subrogee are real parties in interest, "a subrogor that is a real party in interest in cases of partial subrogation is not necessarily a *party to the complaint*." *Id.* (emphasis added).

Here, the Second Amended Complaint seems to allege that only the insurance companies paid any losses. (SAC ¶ 96 ("As a result of the water losses and associated damages, each Plaintiff made payments to its Insureds . . . .")). Even if the insureds had made payments of their own, they were not included as actual plaintiffs on the face of the Second Amended Complaint. Therefore, they should not be included in the "100 or more persons" requirement and the case must be remanded.

At the hearing, Defendant's counsel made reference to an order issued by this Court concerning assignments. *Almont Ambulatory Surgery Ctr., LLC v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-228-MWF (SPx)           Date:  May 3, 2017
Title:    Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

*UnitedHealth Grp., Inc.*, 2015 WL 12733443, at *1 (C.D. Cal. Apr. 10, 2015). In that order the Court dealt with the issue whether, as a matter of law, certain assignments gave the plaintiffs standing to raise certain claims in light of the anti-assignment clause in the relevant contracts. That order construing ERISA is of little relevance here. The Court's decision to remand this case is based, in part, on the bright-line rule established by the Supreme Court: "persons" in the mass action provision means "plaintiffs." There are not 100 plaintiffs and the action therefore must be remanded.

Accordingly, the Court concludes that the Motion must be **GRANTED**.

### 2. Timeliness of the Notice of Removal

Although the Court has already concluded that remand is required here, it will nonetheless address the timeliness issue raised by Plaintiffs. Plaintiffs argue that removability of the case became clear on February 11, 2016, when the First Amended Complaint was filed after the consolidation of the claims by the Superior Court. As Defendant points out, however, it was not clear at the time that the consolidation was for more than only pre-trial purposes. Therefore, Defendant states, it could not remove the case at that time. Defendant's argument is supported by a recent decision of the Ninth Circuit, which held that "if 100 or more plaintiffs in separate actions propose consolidating their cases solely for pretrial purposes, that . . . is insufficient to trigger removal jurisdiction." *Dunson v. Cordis Corp.*, ___ F.3d ___, 2017 WL 1364987, at *2 (9th Cir. Apr. 14, 2017).

The Court agrees with Defendant that the Notice of Removal was timely filed.

## III.  CONCLUSION

The Court **GRANTS** the Motion to Remand and **ORDERS** that this action be **REMANDED** to San Bernardino County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV-17-228-MWF (SPx)　　　　　**Date:** May 3, 2017
Title:　　Liberty Mutual Fire Insurance Company, et al. v. EZ-Flo International, Inc., et al.

IT IS SO ORDERED.